the next case on the docket this morning is number 519 0 1 1 9 Roberts versus Burdick et al. Arguing for the appellant state Illinois state employee retirement system is Richard Hozak. Arguing for the appellee Britton Roberts is Jim Womack. Each side will have 15 minutes for their argument. As this is a cross appeal both appellant and the appellee will have five minutes for rebuttal. In other words 15 15 5 5. Please note only the clerk is permitted to record these proceedings today. Thank you Mr. Womack. We can barely see you. I can see your eyes. Can you adjust your camera? Maybe better if you didn't see me. Let me get some help. Amy, I need the camera adjusted. They can't see me. I'll get my grandkids to these proceedings. Mr. Womack at 531 last evening you filed a motion for leave to file a supplement to your brief in this panel aren't fond of to say the least. Uh, after quickly reviewing this motion, however, um, it appears that you're claiming a lack of subject matter jurisdiction, uh, over the cross appeal. Am I correct or incorrect on that? No, no judge. I'm sorry. I might be intent. I think the record shows that there is a claim by by the plaintiff, the appellant that the state said on its rights and didn't didn't protect its rights. Okay, I don't I don't want to get into argument because that would be unfair to Mr. Who's that? But what I'm trying to say, do you want this motion, this motion to supplement your brief in standards to stand as it is? Or would you rather have the opportunity to file a motion that attacks jurisdiction? I think the latter judge I would like to have. Okay. And how much time would you need to file a motion that attacks the jurisdiction of this court to hear Mr. Who's X appeal? Not more than a week. Okay, so seven days. Uh, it will be the order of this court that we will deny your motion or leave to file a supplement to the brief and stamper. We will grant you a oral motion to file a motion directed to the subject matter jurisdiction of this court to hear the cross appeal. And Mr. Who's that? How much time would you like to file a Yes. Um, you know, seven days would be fine. Your honor. I 14. Thank you. And I would like to clarify. I think his argument, you know, leaving aside whether it attacks jurisdiction or not, I'm not gonna weigh into that. I don't think he's trying to challenge jurisdiction to hear his own cross appeal. I think he's challenging my appeal. Correct. I understand. That's a prayer for his relief. And that's exactly what I'm asking. Whether he wants to attack the subject matter jurisdiction of this court here. Your appeal. Thank you. Yeah. So, um, the clerk of the court, uh, Justice Bond, you agree with that? Yes, I do. Justice Ward. Yes. Okay. That would be the order of the court that we're denying the motion for leave to file a Womack. We're going to grant him seven days to file a motion related to the jurisdiction of this court to hear Mr Who's acts appeal. And Mr Who's that will be allowed 14 days to file a response to Mr Womack's motion. Correct, gentlemen. Yes. Thank you, Your Honor. Okay. Um, then let's begin this argument. And if during the argument you want to address the addressed to some extent in the, um, briefs, please go ahead. Okay. Thank you so much, Your Honor. May it please the court and counsel. I'm Assistant Attorney General Richard Hussack, counsel for the state employees retirement system, commonly known as Sirs. Um, and I am asking the court to $150,000 of Sirs statutory right to reimbursement of benefits that it paid to Mr Roberts. Um, when that, uh, the reimbursement right being triggered by his torque recovery against a third party tort fees are and our position is that there's no legal authority for the circuit court to have entered those reimbursement. Uh, the circuit court relied upon sort of equitable notions of fairness and imputed to Sirs a duty to be aggressive in asserting, uh, its subrogation lien rights. And, uh, there's no authority for that either. In fact, it's contrary to well established authority. Both are contrary to well established authority. I think it's important to begin just laying the framework for this type of case, which is that, um, section 14-1 29 of the pension code, which governs the right of reimbursement for Sirs when it pays disability benefits, adopts and incorporates by reference section five B of the Workers Compensation Act. And that is, I think, much more familiar to the courts because they deal with these reimbursement and under section five B are carried over and adopted under section 14-1 29. And the statute says, in essence, that when benefits are paid to an injured employee, um, based upon an incident where somebody else is at fault and the employee recovers against that other person, then the employee has to repay the benefits of received. And the policy here is, is, uh, essentially to provide the employer who's not at fault. Uh, it'll create a financial protection for the employee. Um, but then if there is somebody who is at fault to make the employer back whole again and place the ultimate burden to pay on the wrongdoing portfeasor and to avoid the employee getting any double recovery. Um, and that principle has been articulated in many, many, many cases. The one additional, um, nuance or distinction that I think is important here before getting into the merits of the circuit court's order is that, that, uh, there is a distinction between the right of reimbursement and separate, separate sort of lean enforcement rights that can be pursued by the employer or by serves as the case may be against the, um, against the, uh, third party portfeasor or against the proceeds of any recovery. And the cases have made clear that those rights by the employer or serves are distinct, are independent. And I suppose the, the, the analogy I would use, it's a rough one is sort of like a, um, a promissory note secured by a mortgage. Um, the mortgage is the right to enforce the liability of the monetary liability against the property. Uh, but that's separate from the right to recover under the note, the personal liability. And so the lien is sort of like the mortgage and the reimbursement right is sort of like the note. And, uh, the cases are clear, uh, with respect to the circuit court's two reasons for its order here, uh, which is based upon events arising out of Mr. Robert's, um, uh, property settlement agreement in his that, uh, those two reasons, I'm sorry, are that that serves should have been more diligent and aggressive than enforcing its lien rights, lien enforcement rights. And it will be unfair to serves to require Mr. Roberts to fulfill his statutory reimbursement obligation. Um, yes, let me ask you this. Um, the pension code requires the employee to make the reimbursement when a third party recovery is made, correct? Uh, yes, it says reimbursement shall be made. I forget what the exact language is. I do have it here, but it says there shall be paid to the employer. So it uses the passive voice. But there's no doubt that that duty, uh, belongs to the employee. So if $150,000 is declared marital property and transferred to the wife such that the court deems it marital, that is no longer within the property right of the employee, is it? I mean, how do you how do you consider the fact that $150,000? The only the only possible reason it could be transferred is if it's deemed marital property. I don't I don't know that the duty to reimburse depends upon whether the, um, the property that triggered it is marital property or not. I guess what I would say is it's important to distinguish between the reimbursement that he got from the payment that he got from Sirs as to which he has an absolute duty to reimburse it and the tort recovery. So, um, the fact that he dispossesses himself of the tort recovery, if he were to give it to that doesn't affect his duty to reimburse, which is absolutely one of my questions that came into my mind is if it's part of the marital estate, is it really his to begin with? In other words, um, can you allocate money in such a way that it's no longer a quote tort recovery from a third person? In other words, can we look at the total? Or must we look at the total in view of a deduction for marital property? There is no. Well, there's certainly law that runs counter to the notion that you can do that. Um, because yeah, well, I mean, what law are you referring to? The, um, there are cases that allow a settlement recovery to the, um, to the employee. Um, where the wife or spouse has filed a separate loss of consortium claim to have the spouse recover on that loss of consortium claim. And that is not considered a recovery to the employee and so is exempt from the duty of reimbursement and does not trigger the right to reimbursement. But that's not the situation here because it was always his property. And I think what I what I would also like to wait a minute. How can we conclude that it was always his property when in fact the we have this marital bubble and part of the bubble, if you will, has been deemed hers. So she didn't file a lawsuit, but she's got property that belongs to her under a division of the having filed the third party lawsuit. It's fundamentally different because the claim would belong to the spouse here under a loss of consortium claim, even if it's also subject to claims for disposition in, you know, in a marital settlement or a divorce settlement. Um, and had you been allowed to intervene in the divorce proceedings, your this money to her because we have a claim on it, right? Well, that's a sub. That's a subrogation lean type claim that would have been caught. But again, pursuit of such a lean enforcement right has no effect upon the independent duty to enforce. One thing I would like to distinguish here is between the wife's claim to the tort recovery and the employees duty to reimburse the benefits that were paid to the employee by serves. So let me offer this example, and I think this helps illustrate the circumstances. And Illinois is not a community property state where I just want to begin by saying the wife did not own any of this recovery outright. She only had an interest in it pursuant to divorce laws. It was his property. But imagine that Mr Roberts was. Let me correct you on that. It wasn't his property in Illinois. We don't have his unless it's a gift. Uh, whatever. It may have been his. It may have been his as a result of a personal injury settlement, or it may have been a combined personal injury settlement, which was marital properties. I'm not disputing the notion of marital property in Illinois for purposes of divorce. I'm just saying Illinois is not a community property state like California is, whereas a matter of law, all property that goes to either spouse during the marriage belongs to both of them equally. And that's, you know, sort of a no. But in Illinois, we do have a marital property state, which means that certain properties are divided on a 50 50 equitable basis. So it's not like the old days where the husband says, I'm not going to give you anything. No, that's not Illinois law. I don't want to go ahead with your example. I don't want to get into the nuances of divorce law and the ability of the court to allocate assets that are titled in the name of how the husband of the wife among them as part of their settlement. In this case, the the circuit court didn't adjudicate that. It just approved the marital settlement agreement between the parties after they had been divorced to wrap up that case. But here's here's my example. Assume that Mr. Roberts had been a self employed, and he had this accident, and he brought a tort recovery against the tort fees and obtained a recovery by judgment or by to give his wife out of that tort recovery, whatever the divorce court adjudicated or whatever they agreed to as part of their divorce settlement. So we've gotten that money. I'm not sure you're correct on the law on that, but I'm trying to follow your analogy. I guess what I'm saying is that there were no disability benefits or workers comp benefits involved at all. She still would have been entitled under the principles of marital property to a share of that tort recovery. There's nothing unique about his tort recovery against the tort fees or that says that she doesn't get a share of it in that context. And so what we have here is she's getting that share, but he's also getting paid disability benefits to him. And if he doesn't have to reimburse some of those disability benefits, then he's getting a double recovery. That's exactly what the law says that Section five B of the Workers Compensation Act and by adoption section 14-1 29 of the pension code prohibit is any double recovery to the employee. She would be getting her money out of the divorce from the tort recovery. We're not asking any of that to be changed. We're just saying that that can't have any effect upon his independent duty to pay back what he got in in disability benefits because otherwise he winds up with twice a double recovery for the same for the same injury. Well, let me ask you this. If in the settlement release, the allocation had been made in that release, would you agree with me then that his net recovery was minus $150,000? Hypothetically, we would have had the right to an evidentiary hearing to contest that allocation. Remember, they separated. I'm creating hypothetical. So assuming hypothetically that the release allocated $150,000, a court approved it, that it was good faith. Would you agree that then you would not been able to take a deduction out of that $150,000 if she had finally timely filed a claim against the tortfeasor, which she didn't, and it was too late for her to do so. I hypothetical didn't include that. Okay, but all right. So if she had checked all the boxes and filed an independent loss of consortium claim against the tortfeasor and then the settlement agreement allocated part of the recovery to her for that separate claim of hers and that was approved and it was good faith. We haven't had an evidentiary hearing to challenge the validity of the allocation. Then we would agree that under well established law that if she had recovered separately $150,000 for a loss of consortium, then we wouldn't be here today. I do want to say, though, that the loss of consortium claim is a little implausible here because they were divorced before he even had the accident. So the idea that there were proceedings, she filed the divorce more than a year before he had the accident. So the idea that his lifetime disability would represent, you know, such percentage of the recovery and that her loss of consortium claim would be $150,000 of that is to me one of the arguments that we would have made at an evidentiary hearing about the good faith and fairness of that type of allocation. But again, we say that's not what happened here, and it's not a basis to deny serves what the court in Rex Road said is its absolute right to reimbursement of the disability benefits that it paid in the event of a tort recovery against tort fees. Okay, thank you, Justice Bond. Do you have any questions? I just want to clarify one thing. Justice Cates asked a question about the court determining the marital assets. But if I understood you right, you were saying the court did not make that determination. The parties, the Roberts had a M. S. A. And in that they allocated the assets in the court simply approved that it didn't make an evident have an insurance. Is that what you're saying? That the court never had a hearing to determine. They just approved. The court just approved what the Roberts had agreed to in their M. S. A. Yes, it did not order anything. It did not adjudicate rights between them as to marital property or an allocation of them. It simply approved their private settlement agreement. So it's you can't go back to court to enforce the judgment because the judgment didn't order anything. You could, if there were dispute under the settlement agreement, seek enforcement of it for noncompliance. But it's sort of the difference between a consent decree and a private settlement. This was a private settlement approved by the court. All right, thank you. Uh, Justice Wharton, Mr. Uh, who's that? One last question in response to what you said to Justice Bond. Are you saying that a judgment wasn't entered in this in the marital case that could be enforced? There was a judgment, but the judgment did not order the parties to comply with the marital settlement agreement. Well, what did it do? If not, if not, if not complying with the marital settlement agreement, what did it do? Why have a judgment to wrap up to wrap up the divorce case? They previously adjudicated, uh, you it adopted the marital settlement agreement. I don't think it did. I don't believe it did. That's the that's the distinction. It's sort of like when you go to a court and ask for a finding of good faith of a settlement of of a tort suit, the court enters that finding, but it's not separately ordering the parties to comply with the settlement. That is the difference between what the judgment orders and and what the court funds. Okay. Thank you. You'll have an opportunity to, uh, speak again. And Mr Womack will give you some extra time if needed. Um, in light of the fact that we ran over a few minutes with Mr Who's act, Mr Womack, would you like to proceed? Please call Mr Who's like I am stricken by the failure of the state to protect its rights that the act doesn't give anything to the state. Automatically, it says may you may workers compensation lanes can be have been off in our waves for various different reasons. The the workers comp defense is a permanent defense. This case was was moved to federal court. Mediation occurred in federal court, and the states saw fit not to participate in that. They have the clear, absolute right to do that. The jurisdiction in federal. I understand what Reagan said, but it's wrong. The the issue here, the issue of concerned settlement agreement. That's in rim jurisdiction. The federal court clearly had jurisdiction over the proceeds of that case. He can do whatever he wanted to it within reason, and the state had the right to participate in that and to appeal. They didn't. They set on their eyes completely, totally, absolutely just set there. And now they come back and tell the court repeatedly in the brief that that the plaintiff's lawyer should have protected them. And that doesn't say that at all. It's he has to protect it if it's there. But it says the claim of the right under comp or the pension. It's me. You made me in force. But in here in his argument, he made my argument for me. He talked about if we had had a hearing, if there had been evidence, I think the decrease of this. I think the decrease said that the time to adjudicated that issue was before the divorce judge. They had the right to be there. They filed petition to intervene was denied. They should have appealed. Same thing was true with the federal court case. If they don't protect their rights, they don't have any rights. It's not automatic. And they set on the rights completely and totally. And as you know, I was involved in this case until recently when and the issue of ratio to God occurred to me late in the day. I acknowledge that, but I only had about a couple of weeks to review the entire matter. But whether I did it or not, the facts are that the state doesn't have automatic right. They may pursue their claim. A lean workers comp lean holder may pursue it, may wave it, may do whatever they want to with it. But they have to take rights, have to take steps to protect himself. They didn't. They didn't do it. This case is just right with failure of the state to take appropriate actions at appropriate time to protect the state's interests. Um, Mr Womack, what do you have to say about, um, Justice Bowie's comments at the hearing that part of the reason he was, um, denying the lean was because it was just fair. Well, I think it's great that judges try to be fair. I don't think it has anything to do with the law. The what he says doesn't doesn't change or affect his his his decision. This court can approve his ruling based on anything that appears in the record. And what appears in the record here is failure for the state to protect its interest. Yeah. Judge Bowie, though, could have found that the $150,000 should have been attributed to the employee as far as payment. You agree with that? Yes. Your issue, though, is basically waiver that they waived their right to have this matter heard because there was a prior order from the divorce court. Judge Kavanagh's is that is how what I'm understanding your argument to be you, as usual, put better than I did. But yeah, not just there, but also the federal court. The federal court settled the case, and they have you. You probably said one or two cases in federal court yourself. They distribute the times they order how it's done. They honor lean. It's done all the time. Why Reagan did? I don't know. But that's a perfect right for a foreign appeal. And in Booey's same case, Booey wasn't the judge in the in the divorce proceeding. But he's still bound by that proceeding. And that proceeding was had everybody there involved that should have been involved, including the state who filed a petition to leave intervene. That's the time and place to raise. I was just stricken by how often the state complained about how they didn't have a hearing, how they didn't have records, how they didn't know. We're sitting here today trying to guess whether the the middle marital settlement agreement even included these funds. There was a time and place to litigate that in the state. Let it go. Yes. What about the fact that Judge Kavanagh's who handled the divorce proceedings wouldn't allow the state to intervene? Judge Kavanagh, who you know, working for about 30 years, may have committed error. But the way to find that is to appeal it. We're here today because the state's appealing Booey's ruling. It should have gone back to the state appealing Reagan's ruling and Kavanagh's ruling. Do you have any other comments? No. It's good to see you again. Sorry. I'm sorry. Justice Vaughn. Do you have any questions? If so, no. Thank you, Justice Wharton. No question. Okay. Thank you, Mr Womack. And as we indicated, you'll have a few days to seven days to file your motion on jurisdiction. Um, Mr. Who's that? Yes. Thank you so much. Your honors. I did not hear any argument about the cross appeal, and I don't want to have to ask for a serve rebuttal. So I would assume that there will be no rebuttal on the cross appeal since there's been no argument on it. But let me turn then to the to the main issue here, which is our appeal. Um, the arguments about the duty to intervene, how diligent we, you know, pursued intervention in the federal court and in the divorce court. All of that are entirely beside the point because the Illinois Supreme Court has made clear and this court has affirmed in its recent Burdess decision following the third district's decision in the whole case and consistent with the holding of this court in the Rex Road case, which is that an employer or serves as the equivalent has absolutely no duty to seek to enforce its subrogation lean rights. None of that has any impact on its right to reimbursement from the employee. If the employee recovers from a tort feasor by settlement or judgment, those two are separate. You can rip up the mortgage or not enforce the mortgage, but that doesn't prevent you from enforcing the note. That's this situation here. And we use it. Let me ask you. Um, you can also waive your right to enforce the note in your hypothetical. Yeah, never did that. Absolutely. Failure to file an appeal in both the federal court and the, um, divorce proceedings. How should that be viewed by the members of this court? A waiver is the knowing relinquishment of a right, and the something might amount to a forfeiture of it is not the same as a waiver by any means. And in this case, the facts are incorrect to, you know, the idea that you have to go to the ends of the earth to enforce your reimbursement rights is contrary to the basic premise that the two are distinct, and the employer has no duty whatsoever to enforce the lien rights. So the idea that we didn't have a duty, but if we tried to intervene to enforce it, and it got to the point where we were going to be throwing good money after bad in pursuing that, and that constituted a waiver of the lien right would be, I think, wrong factually. But the idea that would be a waiver of the right of the reimbursement right is just illogical. It makes no sense at all. In any event, the federal court said we didn't, he didn't have jurisdiction to be able to adjudicate it. We had to go back to state court, and the divorce court said, you don't need to intervene. I'm denying it. And that's an abusive discretion standard of review. I'm denying it because you have the right to collect your reimbursement rights from a future offsets against your future disability payments. If there were any preclusive effect to a finding by a court, that would be it here, where that was the finding that Roberts didn't challenge. And then in the subsequent, you know, in this case, the court said, well, that I'm not bound by that. I'm not going to follow it. You should have appealed. You lose all your rights again. They're confusing the lien with the reimbursement. The two are distinct. There's no duty to enforce the lien. Let me go back to this issue about marital property, because I think that seems to be what's on the court's mind. There is absolutely no case in Illinois, and I don't believe in any other jurisdiction that says that an allocation of part of a tort recovery to a spouse as part of a divorce proceeding somehow nullifies the employer's right to reimbursement of the benefits that it paid to the employee that where the reimbursement right was triggered by that tort recovery. And if, in fact, he had the right, and again, I go back to my distinction between she got part of the tort recovery, but he had the separate reimbursement duty. And if the law were, as I've explained, to create this double recovery where he gets to keep both the disability benefits and the tort recovery, then you would create this perverse incentive where in divorce, you increase the assets available to allocation between the and repudiating your statutory duty to reimburse the employer for its benefit payments to you. So if the wife is going to get part of the tort recovery without getting any part of the obligation to reimburse that goes to it, this creates perverse incentives to promote divorces and lead to double recovery. This court shouldn't go down that road. This court should not find that a divorce gives the parties more money, the parties to the divorce more money than they should get in a normal situation. There's absolutely no exception here that applies, and this court shouldn't create a new one. I have one question, and that is what about this issue of waiver? How long should an employee have to wait for serves to assert their right of recovery, whether it's by lane or subrogation? Well, we did right away. We let them know right away when the settlement was being nailed down what the amount of our subrogation rights were at that point in time, and his resourceful and creative lawyer persistently came up with every argument under the sun to try and defeat our ability to get that money. He basically refused to pay it and has continued to refuse to pay it. We asserted it timely. We asserted it repeatedly. There cannot possibly be any finding of a waiver here on these circumstances. Maybe somebody could diligently in seeking enforcement of the lien rights, but with respect to the underlying reimbursement right, there can't possibly be a finding of waiver here. That's that's absolutely contrary to everything in the record in this case. Okay, Mr Hussein, thank you very much for your arguments. Mr Womack, do you have some concluding comments? Just briefly. What is clear in the record of this case is the state didn't do anything we have. We have the same places the game with themselves. They had two lawyers involved, two separate claims, comp claim and the pension claim. That's that's irrelevant. They have they have a they are an entity, and they made their claims. The fact that they made the claim properly on the comp comp claim shows that they could have and should have done it on the on the pension plan. And race six race judicata has has concepts of equity in it. That's part of the basis for it. And and the whole reason for the concept is to make sure these these issues are raised appropriately and timely and not wait. What what the state did is they sat on the rights. They didn't pursue it at all. And then when when they could have and perhaps they did it because they thought they raised the issue that people might not settle. People who settle lawsuits, clients, plaintiffs who said losses want to know how much money they're going to get and how much money they have. When when a judge has a mediation conference, they talk about the value of the case and the net that the plane plane is going to going to receive. And there's never a case settled about that. What they did here is set on the rights and allowed things to occur. That adversely affected the plaintiff and made it impossible. So they're taking all the money out of him when under the law, they could claim that the settlement itself was war. They could go back and try to get money out of the out of the out of the tort fees himself. The whole thing shows incompetence on the part of the state sitting on the rights, ignoring the law and hoping that somebody will come along and take and take care of the there was a note in the file that not showing up at mediation because of of budget on travel. We're talking about millions of dollars here, hundreds of thousands of dollars here in pension rights that the state's going to lose or give up in the future because of the incompetence of the lawyers handling the case at the trial at the trial level. There's no when a judge tells you I don't have jurisdiction in a case that involves property. The response that yeah, you do because it's in rim when a judge makes a wrong ruling and sometimes judges do. The issue is not to whine about later on or try to find somebody else to get money from, but to take it up on appeal. And they didn't do it with Reagan's decision. They didn't do it with cabinet decision. I'm sorry, they did do it, but they didn't do it with Kevin. And because of the change of positions, then we've got a guy that could basically bankrupt by a decision made because their failure to to pursue the rights. Okay, thank you very much. Justice Bond. Do you have anything? Other questions? Thank you, Justice Wharton. Nothing. Thank you. Okay, gentlemen, this matter will be taken under advisement. We will await your motion. Mr. Womack in your response, Mr. Guzek, thank you for your arguments. It's very interesting case. And disposition will be issued after your briefs are filed. Motion response. Thank you very much. That ends the matter for today.